officer, Mr. Paulson, L. A. May please the court. I'm Vincent Paulson, L. A. Here on behalf of Petitioner Joseph Smith. Unlike many other cases that come before this court, I think there are very few issues and facts that are actually in dispute in this case. And to understand what is in fact in dispute, it's, I think, helpful to look at what is not. It is not in dispute in this case that Mr. Smith is disabled. He suffers from a hearing disability, which rendered him unable to perform the duties of his job as a welder, which he had held for 17 years in the Army's Water Police Arsenal. It's also undisputed that in July 1995, based on this disability, he was constructively suspended from his job at the Arsenal as a welder. During the period of this constructive suspension, among other things, Mr. Smith was required to call into work periodically to see whether there was any other work for him to perform. He was consistently told that there was not. But, in fact, this was untrue. Well, you won on that. You won on that. You won on the constructive suspension you won. I guess the ultimate fact that is undisputed, that it's critical to point out is undisputed, is that both the Merit Systems Protection Board and the Equal Employment Opportunity Commission have held in this case that Mr. Smith was discriminated against on the basis of his disability in November 1996. You won and you got a remuneration. Right. You got back pay. You got paid for the constructive suspension. Now, what are you here for? Well, I would disagree that Mr. Smith was paid for the period of constructive suspension from his position as a welder, but he was not paid for the period of a constructive suspension that would have resulted... He was paid for the period of constructive suspension up to when? Up until... His removal in 1997, right? No. No, and I think one clear indication of sort of what... We want more money, but why do we want more money? We want more money because in November 1996, when Mr. Smith was denied the materials expediter position, which he should have had, which he rightfully should have had, which both the Merit Systems Protection Board and the EEOC have found he should have had, he would have been reinstated into that position in November of 1996, and we are seeking back pay, which are the damages that he would have incurred had he been properly reinstated into that position and held that position until it was eliminated three years later in December of 2000. The Army is now arguing... Let me see. You win the constructive suspension, right, and you get back pay for that, right? Well, there's a second component... And then they remove you in June of 1997, right? Correct. And then the EEOC says, oh yeah, you went on your constructive suspension for a different reason. Correct. However... Now why does that EEOC decision that you, for a different reason, win what you already won, affect this at all? Because I think the important issue, Your Honor, is what was the proper remedy at the time? I think it's critical to go back in time and look at what would have happened had the administrative law judge reached the proper decision when she issued her first initial decision in the case, which happened in April of 1997, before Mr. Smith was terminated. Okay, so three months before Mr. Smith was terminated, the administrative law judge issued her initial decision. She found that, yes, he was constructively suspended, and that constructive suspension had denied him due process, but she denied his disability discrimination claim and said that there was no evidence that he was discriminated against on the basis of his disability. That is what Mr. Smith appealed to the EEOC. I understand your argument. You've set it up real well in your brief, but your wrongful constructive suspension, for which you're paid, that clearly ends upon your removal, right? Once you're out of the job, there's no longer a sense that you were rightfully in the job. I don't agree with that, Your Honor, because it's a different job that we're talking about. His removal was a removal from his job as a welder. The position that he should have been placed into and was essentially constructed... Well, that doesn't even happen until after you're removed. You're removed in 1997. The discrimination question comes up, the EEOC rules, even after that, right? But the discrimination occurred before the removal. The determination that it happened happened years after, but the actual discrimination occurred before the removal. You're relying on the fact that the EEOC said that he should have been placed in the material handler's position in November of 1996. That's correct. And if he had been, there's no dispute by the Army that he would have held that position until that position was eliminated. The key issue in this case is what is the proper remedy? I mean, this is a mixed case, right? I mean, this case involves EEOC allegations and an allegation of constructive suspension. Correct. But in this case, the two allegations, discrimination and the constructive action, are not one and the same, right? I mean, it could be instances where I got demoted and that was because I'm a woman, so that the EEO allegation and the constructive action are really coupled. But I think that they do come together. I think that the constructive action was suspended from July 1995 until April of 1997 when the decision came down that he needed to be reinstated. In the meantime, he was denied a reasonable accommodation in being placed in this material expediter position in November of 1996 during the constructive suspension position. If he had been properly accommodated and placed in the material expediter position in November 1996, the constructive suspension would have ended and he would have been placed in that position. But if the position, let's assume hypothetically, you would concede, however, if that position that the EEOC found he should have been placed in in 1996 had been eliminated in 1997 at the same time he was discharged, then he wouldn't be here, right? Correct. Correct. Because if that's true... We don't know what would have happened. Right. But I think we have to go back and look. We do know that he was removed and you didn't appeal the removal. So the removal isn't before us as something that you perceive as wrong. No, the removal is not wrong. Why doesn't the removal then cut off... At that point, you're no longer a government employee. Understood. So I'm trying to figure out what happens, why there's an entitlement to something from the government beyond the time when you're no longer a government employee. Well, I understand that question and if I may use an analogy... Please. Judge Post, you suggested a gender discrimination issue and I was thinking about it in terms of a law firm that I work in. So say there's an associate who's coming up for partnership, a female associate, and they tell her you're fully qualified to become a partner here, but you know what, we're not prepared to make another female partner and so you're going to remain an associate. She files a charge of discrimination and says that's discriminatory, you shouldn't have held me out of that position because I'm a woman. A year later, she's a 10th year associate and the firm says to her, we have a policy of eliminating all associates when they reach their 10th year if they haven't made partnership yet. So they eliminate her associate position and that's an across-the-board, non-discriminatory policy that applies to everyone, male, female, any race. So she doesn't challenge her termination as an associate, but she's got this existing challenge that she should have been made partner the year before. And it goes up and eventually a court finds that in fact she was discriminated against and she should have been made partner back in the year that she was denied that position. Could the employer then argue that because her position was eliminated the next year as an associate, that she shouldn't be allowed any kind of compensation as a partner, which she should have been a year before, beyond the date of her termination as an associate? Because she wouldn't have held that position had the employer done the right thing in the first place. And I think that's the same thing that's happening here. Had they done the right thing and not discriminated against Mr. Smith in November of 1996, they would have never had the opportunity to terminate him as a welder a year later. Mr. Polson, is it important to your case that this is an enforcement action? I think it is because what we're looking at here is what is the proper remedy for the appeal that's been taken. What has been found by the EEOC and affirmed by the board is that Mr. Smith was denied this position. And both the EEOC and the board say he should have been placed in that position. And so the remedy under the Back Pay Act is, what is he entitled to had that discrimination never occurred? We argue, had that discrimination never occurred in November of 1996, he would have been placed in that material expedited position, he would have held that position until it was eliminated in December of 2000, and he would have never been terminated from government service. That's his remedy for the discrimination claim. Right. Which I think, as I was saying before, dovetails with the constructive suspension. Which is the subject of the enforcement petition. Right. And the Army has never challenged the EEOC's or the board's jurisdiction to rule on his discrimination claim. Which, again, I think dovetails with the constructive suspension. Now normally we don't have jurisdiction to consider discrimination claims. You're familiar with that. I understand that. But you're saying that bar doesn't exist in this case because we're not ruling on a discrimination claim, we're ruling on an enforcement petition throughout a discrimination claim? Correct. Which is just a remedy. It's just a straightforward application of the Back Pay Act. And what that requires is a remedy for the discrimination. But our jurisdiction here is limited to what you have asked us to review. You've asked us to review a constructive suspension. You haven't asked us to review something that happened after not only that suspension was ended and remedied, but he was no longer even in the service. We don't have any jurisdiction to deal with things that happen, that might have happened if something had changed differently because we're limited to just what happens on the constructive suspension. But again, I think first of all, this is an enforcement order. And so it is before the court of what is the remedy for that discriminatory act. There were two components to his claim, and I think both of them dovetail into the constructive suspension claim. I mean, the disability discrimination claim cannot be separated from the constructive suspension claim like I was saying before. If part of the constructive suspension claim was that they were not accommodating his disability, and that they were not placing him in an alternative position, which he was entitled to. Okay. You want to save your time, Mr. Bolsinelli? Let's hear from Ms. Hogan. Good morning, Your Honor. May it please the court? The board's decision should be affirmed. The Back Pay Act requires payment only for the period for which the personnel action was in effect. The only personnel action that Mr. Smith ever appealed was his constructive suspension based on a due process claim and a discrimination claim. But what was the essence of the discrimination claim dealt with that they should have put him in another position to accommodate him, correct? That's correct. And he prevailed on that discrimination claim, and that discrimination claim was part of the proceeding he initially filed with the board, right? That's correct. And in as much, the EOC concluded that the agency did discriminate because they did not in 96, sometime after the suspension had started, put him in that other position. Yes. But for the discrimination, Mr., the appellant then, would have been in that position in 1996, correct? Well, I think there's two answers to that question. One answer is that the, it's speculative to say that Mr. Smith... Can you speak up just a little? I'm sorry. It would be speculative to say that Mr. Smith would have remained in that position through 2000. No, my question is, but for the discrimination, they would have placed him in that position in 1996. Yes. But for the discrimination, he would have been in the position in 1996. Yes, Your Honor. He wouldn't have been fired if he had been in that position, correct, in 1997? Yes, Your Honor. Right, so you agree with that? How do we know that? Well, I mean, I can't provide a better, and I think the appellant has a good argument. We don't know that. We don't know that he would have been, and we certainly don't know that he would have remained in that position through 2000. Well, he is firing, though. He was separated. He was fired in 97 because he couldn't perform the duties of the position, the original position. So can we deduce that if he had been transferred to a position whose duties, which was an accommodating position, and therefore, by definition, he could have performed those duties, then at least it calls the 97 discharged into clear question? I think the answer to that would be that the conclusions that the EEO made and the MSPB adopted would support that conclusion. That conclusion, that he wouldn't, if, but for, so we've got two conclusions here. But for the discrimination, he would have been placed in a completely different position in 1996. And, but for the discrimination, he would have been in that new, different position in 1997, and therefore, he wouldn't have been discharged. It's hard to argue with that. Okay. Therefore, why in effectuating and enforcing the EEOC order that we all seem to, I think we're all on the same page, we all agree to the same thing, then why in effectuating that order does, is he, let me just, and the position that he, that EEOC said he should have been placed in in 96 was eliminated in 2000, right? Yes. So, we all agree to all of that. Why then, if, but for the discrimination, he would have been placed in a position in 96, which terminated in 2000, why isn't he entitled to back pay for that four-year period? Two reasons, Your Honor. One is that we have to read the status quo in anti-remedy in, with respect to the Back Pay Act statute. The Back Pay Act statute says only for the time period for which the personnel action was in effect. But what's the personnel action? Constructive suspension. But isn't the personnel action here the failure to place him in the material expediter's position? That's the personnel action that's in effect. No, Your Honor. I would, and the reason for that answer is that the MSPB only has jurisdiction to consider a discrimination claim with respect to an allegation that discrimination forms the basis of an agency action over which the board has jurisdiction, a removal or a suspension. So, the board can only consider the discrimination claim with respect to, I was discriminated against because, I'm sorry, you constructively suspended me because of my disability. They cannot consider the disability claim or discrimination claim independent of a personnel action over which the board has jurisdiction. So, the but-for argument is limited by one, the Back Pay Act statute, and two, the board's jurisdiction to only consider those few agency actions over which the board has jurisdiction. But the EOC, in order to discrimination, he alleged the discrimination up front along with the constructive suspension. So, isn't that the personnel action that the EEOC? All of this rests on the assumption that the EEOC ordered him to be placed into another position. The EEOC can't even order that, can they? All they can point out that there was another position available, and that we don't even know that. That was up to the discretion of the people who were hiring and filling that position. We don't know if he would have gone into that position. All we know is that the position was available and they had to have considered him for that position. They discriminated against him by not doing that. That's what the EEOC says. Of course, all of this happening after he was already removed. But we don't know that he would have been in that position, do we? We don't know that he would have been in that position. And the EEOC could not have ordered him placed in that position, could they? No, Your Honor. No, they just observed that it's available and that he should have been considered for it, and it was discriminatory not to consider him for it. Well, Your Honor, I guess I do need to correct you to say that the board, Mr. Smith was considered for that position, but another person was given that job. But let's assume that the EEOC somehow miraculously decided this case, whatever it is that they decided, he was still on board. You're saying in terms of, so there was no question about the removal. You're saying that the agency would not have been required to then, assuming the alternative position that they found he should have gotten in 96, that the agency would not have been required to place him in that position? No. Had Mr. Smith still been employed in federal service when the EEOC made that decision, and if that position was vacant, then the reasonable accommodation to Mr. Smith would have been to place him in that position. Do we know if that position was ever not vacant through the period? You're saying that in 96 they filled it with somebody else. In 96, it was filled until I believe January of 1998. There is, I believe, a nine-month period. So if the EEOC ordered it, came up with the exact same order they had here, but it was in 97, so that the position that he should have gotten in 96 was already filled, how would the agency be able to effectuate the EEOC's determination? Well, the EEOC's decision was based on the availability and vacancy in 1996. So if this had come up in the context where that position had been filled, then Mr. Smith would not have been entitled to that position. Wait a minute. So there's a discrimination case, and I filed a discrimination case. I didn't get a promotion because I was female. And by the time the EEOC resolved that, they say agency wrong. Yes, you discriminated against Sharon Crow, and she should have gotten that promotion to a GS-15 January 1st, 2000. And let's assume the promotion I wanted, they filled it with somebody else. Are you saying I get no remedy? No, I'm not saying that. Okay, so what's the remedy? I mean, so we're talking here about, okay, what happens because the position is not vacant, it becomes, is encumbered after a certain amount of time. You might get back pay then, wouldn't you? Maybe I misunderstood your question, Your Honor. Because then the action would have been to remedy that particular failure, and you'd probably get back pay, but we can't remedy in this case something that happened after his removal because removal wasn't contested. Am I understanding correctly? That's correct, Your Honor. No, but back to my hypothetical. If five years later I prevail and they say, yes, you didn't get the promotion in 2000 because you were discriminated against, and now the position has been filled by someone else, in addition to back pay, which I would be required on Title II for the past six years, what else do I, does the agency have to put me in a GS-15 level position? The position to which I would have been promoted, but for the discrimination. Yes. You're not challenging our jurisdiction to hear this case, are you? No, Your Honor, because the only issue here is whether the board correctly determined that the back pay order was, that the agency complied. In other words, even though this case grew out of a discrimination claim, all we're looking at is the board's on his petition for enforcement. Correct. So we have, there's no question about our jurisdiction. I don't see any, Your Honor. How does the fact that this comes to us in the form of a petition for enforcement change things if it does? Because the board says you were, I'm sorry, the EOC says you were I'm sorry, the MSPB agrees with that, and then says, okay, give him what he's entitled to. They don't spell it out. They just say give him what he's entitled to. Why is he not entitled to, though, the back pay because that would remedy the discrimination that's the subject of the enforcement petition? Because the period for which the personnel action was in effect ended at least in April of 1997 when the administrative judge issued her first decision. Our jurisdiction is limited to the claim which has been brought, right? The constructive suspension. That's correct. That cannot have extended beyond the period when he was removed, right? I don't see any way to. In fact, it actually ended even earlier than that when they remedied it. But it cannot simply have gone beyond 97. Correct, Your Honor. So we don't have anything else before us. We have no jurisdiction to do anything beyond 97. No, and the board didn't have any jurisdiction to do anything beyond 97. No, we don't. The board doesn't. Nobody does. How then is the discrimination remedied? The effect of the EEO decision was that entitled Mr. Smith to compensatory damages, which he would not have normally been entitled to. What damages? What are those? What would be the compensatory damages? The pain and suffering of the discrimination that has he sought those? He's been awarded compensatory damages. He's been awarded compensatory damages. Yes, Your Honor. And did those compensatory damages cover the period through 2000? I mean, if he says, I've been suffering for the past however many years from 96 to 2000, would the government allow that they would cover 2000 or would they have to stop at 96? I believe that the compensatory damages only cover through the period of the removal. The settlement agreement is in the record, although it's not in the appendix that we've presented to the court, and I'd be happy to provide a copy of that to the court if the court deems that necessary. There was a settlement agreement? There was a settlement agreement that was entered into the MSPB after the petitioner filed the petition for compensatory damages following the EEO decision. So why is there still a case? I mean, if they've resolved, I mean, that settlement agreement says that takes care of part of the order for enforcement, but not the rest of it? Well, the compensatory damages are the pain and suffering damages. They don't cover the payment. But we're looking for enforcement here of the EEOC remedy, and that was a part of the remedy, so you've settled part of the remedy, and you're still disputing the other part of the remedy? No, I guess what I'm saying is that the effect of the EEO decision was that that entitled Mr. Smith to compensatory damages. So it wasn't like it had no effect, given that the administrative judge in 1997 had already decided that the constructive suspension was improper on a due process ground. So it wasn't just that the EEO also affirmed for the reason of discrimination, but that finding of discrimination entitled Mr. Smith to compensatory damages. I'm trying to understand this. I'm looking at the EEOC decision. Where does it, I guess it starts at 251 of the joint appendix. Where do we look to see that there's been a, that he's entitled to compensatory damages? I believe that's actually in the 2003 order that the MSPB, the initial order that we're discussing, and it's on page 247. I'm sorry, hold on. 247, okay. And it's a notice to the appellant regarding a right to request compensatory damages under section 1981. And did he get a, was there a request for attorney's fees? And attorney's fees were also granted, Your Honor. This is a 247? 247. Oh, I see, okay. So all of the other issues have been decided. It's only this 97 to 2000 period that we're still concerned about. I see that I'm almost out of time, so respectfully. Thank you, Ms. Holgen. Thank you, Your Honor. Mr. To address the issue of the settlement agreement, the settlement agreement specifically exempted any claim that Mr. Smith may have for back pay under the Back Pay Act. So it did settle his claim for compensatory damages as a result of the EEOC decision on the MSPB order. And attorney's fees. And attorney's fees, but specifically exempted his right to pursue back pay for the materials expedited position. So to address the issue of jurisdiction quickly, this isn't an enforcement. I think there is no dispute, as Ms. Holgen said, there is no dispute that this court has jurisdiction to hear the enforcement of the board order. And this is not a discrimination case before this board to determine whether or not discrimination occurred. That has occurred. We're just trying to determine what is the proper remedy based on the EEOC order and the MSPB order, accepting that and adopting that and requiring that Mr. Smith be made whole. Whole for his constructive suspension, right? Because you haven't appealed the removal. We haven't appealed the removal, but the initial appeal was twofold. It was the constructive suspension and discrimination. The EEOC decision was on the discrimination. The MSPB subsequent order was on the discrimination. We have a finding of discrimination and we are attempting to enforce the remedy that is entitled to based on the discrimination. But it wasn't just discrimination in a completely different context. It was discrimination with regard to the suspension. Well, I mean, I think they are related in that the discrimination occurred during the period where he was constructively suspended. But there is a separate finding that he was denied a reasonable accommodation in November 1996. Now, what is the remedy for that? I mean, I think it's clear that the remedy does not only include compensatory damages and attorney's fees, but it also includes, if he's not going to be reinstated into that position, he can't be now. The position was eliminated in December of 2000. It's got to require, in addition to the compensatory damages and pain and suffering he may have suffered, the back pay that he would have gotten had he been in that job. And it's offset by any other compensation he received in the meantime. He was out on disability. We're not claiming that money. And we're not claiming the money he was paid for the time that he was a welder. We're taking that out of it and we're saying he's entitled to whatever he would have received as compensation had he been placed in that position, which he rightfully should have had in November of 1996. If it had been available. It was available. The EEOC found that it was available in November of 1996. And it was available again thereafter. And he wasn't placed in it. Thank you, Mr. Folsom. Thank you.